UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STAVROS PAPANTONIADIS,<br>a/k/a "Steve Papantoniadis,"<br><br>Defendant | Criminal No.   23cr10089<br><br>Violations:<br><br><u>Counts One through Four:</u> Forced Labor<br>(18 U.S.C. § 1589(a))<br><br><u>Counts Five through Seven:</u> Attempted Forced Labor<br>(18 U.S.C. §§ 1589(a) and 1594(a))<br><br><u>Forced Labor Forfeiture Allegation:</u><br>(18 U.S.C. § 1594(d)) |

## INDICTMENT

At all times relevant to this Indictment:

1. Defendant STAVROS PAPANTONIADIS, a/k/a "Steve Papantoniadis," was a resident of the District of Massachusetts.

2. Through the companies identified below, PAPANTONIADIS owned and controlled certain pizzerias located in the District of Massachusetts:

   a. Athenian Enterprises, Inc. was a company that was doing business as Stash's Pizza of Dorchester, a pizzeria located at 612 Blue Hill Avenue in Dorchester, Massachusetts (hereinafter, the "Dorchester location");

   b. Papantoniadis Pizza, Inc. was a company that was doing business as (1) Stash's Pizza of Roslindale, a pizzeria located at 330 Belgrade Avenue in Roslindale, Massachusetts (hereinafter, the "Roslindale location"); (2) beginning on a date unknown and continuing through in or around May 2022, Stash's of Onset

1

Beach, a pizzeria located at 182 Onset Avenue in Wareham, Massachusetts (hereinafter, the "Onset location"); and (3) beginning on a date unknown and continuing through in or around May 2019, Stash's of Norwood, a pizzeria located at 254 Dean Street in Norwood, Massachusetts (hereinafter, the "Norwood location");

c. Beginning on a date unknown and continuing through in or around April 2021, 1225 North Main Street LLC was a company that was doing business as Boston Pizza Company of Randolph, a pizzeria located at 1225 North Main Street in Randolph, Massachusetts (hereinafter, the "Randolph location");

d. Beginning on a date unknown and continuing through in or around November 2010, AGPS, LLC was a company that was doing business as Boston Pizza Company, a pizzeria located at 69 Washington Street in Norwell, Massachusetts (hereinafter, the "Norwell location"); and

e. Beginning on a date unknown and continuing through in or around June 2015, Weymouth Pizza Restaurant LLC was a company that was doing business as Pacini's Italian Eatery, a pizzeria located at 836 Washington Street in Weymouth, Massachusetts (hereinafter, "Pacini's") (the pizzerias collectively, "Stash's Pizzerias").

3. PAPANTONIADIS managed Stash's Pizzerias. He hired and fired employees, set employees' compensation and work schedules, paid and failed to pay employees, dictated the working conditions, and collected the businesses' proceeds.

4. PAPANTONIADIS's Stash's Pizzerias was a forced labor operation. He targeted and recruited undocumented, foreign national employees. He hired the victims to work at the Stash's Pizzerias and forced them to continue working long hours, often refusing to pay overtime and overdue wages, while subjecting the victims to threats of deportation and violence and to actual violence to prevent them from quitting, demanding their overdue wages, overtime pay, and better pay and working conditions.

5. Victim 1, a person known to the Grand Jury, was a national of a North African country. As of in or around 2001, Victim 1 was not authorized to work in the United States. In or around 2001, PAPANTONIADIS hired Victim 1 to work at the Stash's Pizzerias. Victim 1 remained an employee of the Stash's Pizzerias until in or around August 2015. During his tenure at the Stash's Pizzerias, Victim 1 worked at the Dorchester, Norwell, Norwood, and Randolph locations.

6. Victim 2, a person known to the Grand Jury, was a Salvadoran national. As of in or around July 2013, Victim 2 was not authorized to work in the United States. In or around July 2013, PAPANTONIADIS hired Victim 2 to work at the Stash's Pizzerias. Victim 2 remained an employee of the Stash's Pizzerias until on or about November 16, 2015. During his tenure at the Stash's Pizzerias, Victim 2 worked at the Dorchester, Norwood, Onset, and Roslindale locations.

7. Victim 3, a person known to the Grand Jury, was a Brazilian national. As of in or around 2009, Victim 3 was not authorized to work in the United States. In or around 2009, PAPANTONIADIS hired Victim 3 to work at the Stash's Pizzerias. Victim 3 remained an employee of the Stash's Pizzerias until in or around 2017. During his tenure at the Stash's Pizzerias, Victim 3 worked at the Norwell, Norwood, and Roslindale locations.

8. Victim 4, a person known to the Grand Jury, was a Salvadoran national. As of in or around May 2013, Victim 4 was not authorized to work in the United States. In or around May 2013, PAPANTONIADIS hired Victim 4 to work at the Stash's Pizzerias. Victim 4 remained an employee of the Stash's Pizzerias until in or around September 2016. During her tenure at the Stash's Pizzerias, Victim 4 worked primarily at the Norwood location.

9. Victim 5, a person known to the Grand Jury, was a Brazilian national. As of in or around August 2012, Victim 5 was not authorized to work in the United States. In or around August 2012, PAPANTONIADIS hired Victim 5 to work at the Stash's Pizzerias. Victim 5 remained an employee of the Stash's Pizzerias until on or about August 20, 2013. During his tenure at the Stash's Pizzerias, Victim 5 worked at the Norwood location.

10. Victim 6, a person known to the Grand Jury, was a Brazilian national. As of in or around June 2013, Victim 6 was not authorized to work in the United States. In or around June 2013, PAPANTONIADIS hired Victim 6 to work at the Stash's Pizzerias. Victim 6 remained an employee of the Stash's Pizzerias until in or around May 2015. During his tenure at the Stash's Pizzerias, Victim 6 worked at the Pacini's, Roslindale, and other Stash's Pizzeria locations.

11. Victim 7, a person known to the Grand Jury, was a Salvadoran national. As of in or around 2013, Victim 7 was not authorized to work in the United States. In or around 2013, PAPANTONIADIS hired Victim 7 to work at the Stash's Pizzerias. Victim 7 remained an employee of the Stash's Pizzerias until on or about February 3, 2018. During his tenure at the Stash's Pizzerias, Victim 7 worked at the Norwood location.

12. As part of his forced labor operation, PAPANTONIADIS engaged in a course of conduct that included the following features:

a. PAPANTONIADIS recruited and targeted potential employees who lacked immigration status and authorization to work in the United States;

b. PAPANTONIADIS routinely withheld wages that he owed to victims and refused to pay those wages, even when victims requested;

c. PAPANTONIADIS employed victims at depressed wages and no wages and demanded that they work 6-to-7 days per week, far more than 8 hours per day, often while failing to accurately report the employees' hours, prohibiting breaks, and refusing to provide overtime compensation and raises;

d. PAPANTONIADIS threatened to alert immigration authorities and law enforcement to have victims detained and removed from the United States;

e. PAPANTONIADIS threatened to, and on at least one occasion did, call police and told victims that the police would believe him as a businessperson and not the victims, who lacked immigration status and were members of racial and ethnic minority groups;

f. PAPANTONIADIS used violence and threats of violence to scare employees and ensure their compliance with his workplace demands;

g. PAPANTONIADIS used extensive video surveillance to monitor and subsequently reprimand and abuse victims for what he perceived as non-compliance with his workplace demands; and

h. When presented with requests of any kind, such as requests for breaks, days off, overdue wages, and raises and upon learning that a victim planned to quit, PAPANTONIADIS exerted control over the victims through (1) threats of

termination directed at victims whose immigration status made it difficult for them to obtain other employment; (2) verbal harassment, including persistent derogatory statements about the victims' respective national origin, religion, sexual orientation, and immigration status; and (3) sexual harassment.

COUNT ONE
Forced Labor
(18 U.S.C. § 1589(a))

The Grand Jury charges:

13.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 through 5 and 12 of this Indictment.

14.     Beginning in or around 2001, and continuing to in or around 2015, in the District of Massachusetts, and elsewhere, the defendant,

STAVROS PAPANTONIADIS,
a/k/a "Steve Papantoniadis,"

did knowingly provide and obtain the labor and services of Victim 1 by means, and the combination of means, of force; threats of force; physical restraint; threats of physical restraint to Victim 1 and any other person; serious harm and threats of serious harm to Victim 1 and any other person; the abuse and threatened abuse of law and legal process; and by means of any scheme, plan, and pattern intended to cause Victim 1 to believe that, if Victim 1 did not perform such labor and services, Victim 1 and any other person would suffer serious harm and physical restraint.

All in violation of Title 18, United States Code, Section 1589(a).

## COUNT TWO
Forced Labor
(18 U.S.C. § 1589(a))

The Grand Jury further charges:

15. The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 through 4, 6, and 12 of this Indictment.

16. Beginning in or around July 2013, and continuing to in or around November 2015, in the District of Massachusetts, and elsewhere, the defendant,

**STAVROS PAPANTONIADIS,**
a/k/a "Steve Papantoniadis,"

did knowingly provide and obtain the labor and services of Victim 2 by means, and the combination of means, of force; threats of force; physical restraint; threats of physical restraint to Victim 2 and any other person; serious harm and threats of serious harm to Victim 2 and any other person; the abuse and threatened abuse of law and legal process; and by means of any scheme, plan, and pattern intended to cause Victim 2 to believe that, if Victim 2 did not perform such labor and services, Victim 2 and any other person would suffer serious harm and physical restraint.

All in violation of Title 18, United States Code, Section 1589(a).

## COUNT THREE
## Forced Labor
## (18 U.S.C. § 1589(a))

The Grand Jury further charges:

17. The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 through 4, 7, and 12 of this Indictment.

18. Beginning in or around 2009, and continuing to in or around 2017, in the District of Massachusetts, and elsewhere, the defendant,

## STAVROS PAPANTONIADIS,
a/k/a "Steve Papantoniadis,"

did knowingly provide and obtain the labor and services of Victim 3 by means, and the combination of means, of force; threats of force; physical restraint; threats of physical restraint to Victim 3 and any other person; serious harm and threats of serious harm to Victim 3 and any other person; the abuse and threatened abuse of law and legal process; and by means of any scheme, plan, and pattern intended to cause Victim 3 to believe that, if Victim 3 did not perform such labor and services, Victim 3 and any other person would suffer serious harm and physical restraint.

All in violation of Title 18, United States Code, Section 1589(a).

## COUNT FOUR
Forced Labor
(18 U.S.C. § 1589(a))

The Grand Jury further charges:

19. The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 through 4, 8, and 12 of this Indictment.

20. Beginning in or around Mary 2013, and continuing to in or around September 2016, in the District of Massachusetts, and elsewhere, the defendant,

### STAVROS PAPANTONIADIS,
a/k/a "Steve Papantoniadis,"

did knowingly provide and obtain the labor and services of Victim 4 by means, and the combination of means, of force; threats of force; physical restraint; threats of physical restraint to Victim 4 and any other person; serious harm and threats of serious harm to Victim 4 and any other person; the abuse and threatened abuse of law and legal process; and by means of any scheme, plan, and pattern intended to cause Victim 4 to believe that, if Victim 4 did not perform such labor and services, Victim 4 and any other person would suffer serious harm and physical restraint.

All in violation of Title 18, United States Code, Section 1589(a).

## COUNT FIVE
## Attempted Forced Labor
## (18 U.S.C. §§ 1589(a) and 1594(a))

The Grand Jury further charges:

21. The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 through 4, 9, and 12 of this Indictment.

22. Beginning in or around October 2012, and continuing to on or about August 20, 2013, in the District of Massachusetts, and elsewhere, the defendant,

## STAVROS PAPANTONIADIS,
a/k/a "Steve Papantoniadis,"

did knowingly attempt to provide and obtain the labor and services of Victim 5 by means, and the combination of means, of force; threats of force; physical restraint; threats of physical restraint to Victim 5 and any other person; serious harm and threats of serious harm to Victim 5 and any other person; the abuse and threatened abuse of law and legal process; and by means of any scheme, plan, and pattern intended to cause Victim 5 to believe that, if Victim 5 did not perform such labor and services, Victim 5 and any other person would suffer serious harm and physical restraint.

All in violation of Title 18, United States Code, Sections 1589(a) and 1594(a).

## COUNT SIX
## Attempted Forced Labor
## (18 U.S.C. §§ 1589(a) and 1594(a))

The Grand Jury further charges:

23. The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 through 4, 10, and 12 of this Indictment.

24. Beginning in or around June 2013, and continuing to in or around May 2015, in the District of Massachusetts, and elsewhere, the defendant,

## STAVROS PAPANTONIADIS,
## a/k/a "Steve Papantoniadis,"

did knowingly attempt to provide and obtain the labor and services of Victim 6 by means, and the combination of means, of force; threats of force; physical restraint; threats of physical restraint to Victim 6 and any other person; serious harm and threats of serious harm to Victim 6 and any other person; the abuse and threatened abuse of law and legal process; and by means of any scheme, plan, and pattern intended to cause Victim 6 to believe that, if Victim 6 did not perform such labor and services, Victim 6 and any other person would suffer serious harm and physical restraint.

All in violation of Title 18, United States Code, Sections 1589(a) and 1594(a).

## COUNT SEVEN
## Attempted Forced Labor
## (18 U.S.C. §§ 1589(a) and 1594(a))

The Grand Jury further charges:

25.  The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 through 4, 11, and 12 of this Indictment.

26.  Beginning in or around 2013, and continuing to on or about February 3, 2018, in the District of Massachusetts, and elsewhere, the defendant,

## STAVROS PAPANTONIADIS,
### a/k/a "Steve Papantoniadis,"

did knowingly attempt to provide and obtain the labor and services of Victim 7 by means, and the combination of means, of force; threats of force; physical restraint; threats of physical restraint to Victim 7 and any other person; serious harm and threats of serious harm to Victim 7 and any other person; the abuse and threatened abuse of law and legal process; and by means of any scheme, plan, and pattern intended to cause Victim 7 to believe that, if Victim 7 did not perform such labor and services, Victim 7 and any other person would suffer serious harm and physical restraint.

All in violation of Title 18, United States Code, Sections 1589(a) and 1594(a).

## FORCED LABOR FORFEITURE ALLEGATION
(18 U.S.C. § 1594(d))

1. Upon conviction of any of the offenses in violation of Title 18, United States Code, Sections 1589(a) and 1594(a), set forth in Counts One through Seven, the defendant,

**STAVROS PAPANTONIADIS,**
a/k/a "Steve Papantoniadis,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(d), any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offense, and any property traceable to such property; and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offense, and any property traceable to such property.

2. If any of the property described in paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 1594(d), as a result of any act or omission of the defendant–

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1 above.

All pursuant to Title 18, United States Code, Section 1594(d).

A TRUE BILL

FOREPERSON

TIMOTHY E. MORAN
BRIAN A. FOGERTY
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: March 29, 2023
Returned into the District Court by the Grand Jurors and filed.

Noreen A. Russo

DEPUTY CLERK   at 12:38 PM