UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL No. 1:23-cr-10089-FDS |
| STAVROS PAPANTONIADIS,<br>                    Defendant. | ) ) ) ) | |

DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND RECONSIDERTION

Now comes the defendant, Stavros Papantoniadis, pursuant to 18 U.S.C. §3142(f) and respectfully requests that this Honorable Court reopen the detention hearing based on information that was not known at the time of the detention hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such persons as required and the safety of any other person and the community. Considering the new information, the defendant further requests this Court reconsider its decision denying *Defendant's Appeal to the District Court for Revocation of Order of Detention* (Doc. 20). The arguments set forth in the defendant's Petition for District Court Review are also incorporated herein.

**I.    There is a combination of conditions of release that would reasonably assure the safety of any other person and the community as evidenced by the defendant's compliance since 2019 of a Consent Judgment and Order (Burroughs, J.).**

The Magistrate Judge detained the defendant pending trial holding that the government met its burden of proving by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. *Doc. 16 at 5*. In so finding, the Court reasoned that "[t]he defendant's history of violence and threats puts potential witnesses at great risk. While home confinement and electronic monitoring

could physically keep the defendant away from potential victims and witness, the court is unable to fashion conditions which would prevent the defendant from being in contact with or threatening them." *Id.* The Court did not find that the defendant is a flight risk.

In denying defendant's motion for revocation of the order of detention, this Court agreed with the Magistrate Judge and found that no combination of conditions of release will reasonably assure the safety of other persons in the community if defendant were to be released.

Unknown to undersigned counsel at the time of the detention hearing and appeal to this Court, however, is that following the 2017 Department of Labor investigation, the defendant was subject to a Consent Judgement and Order (Burroughs, J.). (*Exhibit 1*, Affidavit of Carmine Lepore, and *Exhibit 2*, Consent Judgement and Order). Per the terms of the order that went into effect on February 27, 2019, the defendant was ordered not to retaliate, threaten, or take any adverse action against any of the employees that exercised their rights under the Fair Labor Standards Act:

> *E. Defendants shall not, contrary to Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), in any way retaliate or take any adverse action, or threaten that adverse action will be taken, against any individual who exercises or asserts his or her rights under the Act, or who provides or seeks to provide information to the Department of Labor, or who is about to testify in any investigation or proceeding under or related to the Act, or who engages in any protected activity. Defendants shall not report or threaten to report any individual to immigration or law enforcement authorities, or threaten to have any individual deported or investigated by immigration or law enforcement, for purposes of inhibiting any individual's rights under the Act. Defendants shall not refer to any individual's immigration status, citizenship, work authorization status, or lack of government documents (including a driver's license) for purposes of inhibiting any individual's rights under the Act. Defendants shall not instruct any individual not to speak to, or to provide false information, to the Department of Labor, or otherwise influence any individual with respect to their participation in any investigation or legal proceeding brought by the Department of Labor.*

Civil Action 17-CV-10500-ADB – ¶E, *Exhibit 2.*

As the Magistrate Judge acknowledged in its detention order, some of the alleged victims in the instant case gave statements to the DOL during its investigation and received compensation for back wages and liquidated damages. *Doc. 16 at 4.* Thus, while the defendant was aware of some of the allegations that now serve as a basis for the instant criminal case, he took no action against these individuals and fully complied with the above condition and all other conditions contained in the Consent Judgement and Order for the last four (4) years. The defendant's compliance with the civil order – an order that does not carry criminal punitive implications if violated – is recent, additional, and substantial evidence that he fully respects and will not disregard orders of this Court.

**II.    The Magistrate Judge did <u>not</u> find evidence of more recent criminal conduct based videos contained on his cell phone.**

This Court noted that the Magistrate Judge found evidence of more recent criminal activity such as possession of alleged child pornography and a video depicting sadistic violence. The opposite is true. Rather, the Magistrate Judge held as follows: "The court declines to consider the videos found in the defendant's phone as evidence of any propensity for violence as the witness could offer no context for the videos." (Doc. 16, fn. 1).

**III.   This Court should consider the defendant's age at the time of his prior convictions and his compliance with conditions of probation.**

In denying the motion for revocation of the detention order, this Honorable Court found that the defendant poses a danger to the community and that no combination of conditions of release will reasonably assure the safety of other persons in the community if the defendant were to be released. (Doc. 30). In concluding that the defendant has a predilection toward violent behavior and disregard to the law, the Court gave substantial weight to the defendant's criminal history from over twenty years ago. Although the Court did acknowledge that the incidents are not

3

recent, the Court must look at the incidents in context to the defendant's age. The defendant was only 21 years old when those incidents occurred, he is now 48. It is reasonable to find that at 21 years old, the defendant was a very different person than the 48-year-old married father of four children.

Moreover, the defendant was placed on conditions of probation after his convictions for motor vehicle homicide and assault and battery. While his criminal history is not recent, it shows that he can and will obey conditions of probation as he did not violate the terms of probation and successfully completed his terms of probation in all instances.

**IV.    A combination of the following conditions of release will reasonably assure the safety of any other person and the community.**

Compliance with ¶E of the Consent Judgement and Order assures this Court that there are conditions which would prevent the defendant from being in contact with or threatening potential witnesses. Accordingly, the defendant proposes release on the following conditions:

1. Home confinement with release only for medical appointments, attorney visits, court appearances, or court-order obligations, and the imposition of GPS monitoring;

2. To have no contact, direct or indirect, with any alleged victim or witness;

3. To have no role in the management or day to day operation of the last remaining restaurant. (Noting one location was closed immediately after his arrest); and,

4. Execute a secured appearance bond, secured with the real property located at 215-217 Newland Avenue Woonsocket, Rhode Island. (The property is owned by the defendant individually and has equity estimated at approximately $225,000 to $250,000).[1]

It is in the defendant's "enlightened self-interest" to abide by the above conditions. *United States v. Patriarca*, 948 F.2d 789, 794 (1st Cir. 1991). That is, the defendant fully understands the

---

[1] The defendant proposed this condition in his 2nd Amendment to the Petition for District Court Review (Doc. 24).

consequences of his own conduct, the risk of revocation of release, and the risk of prosecution for contempt of court if he were to violate any of the conditions of release. *Id.*

Wherefore the defendant respectfully request that this Honorable Court reopen the detention hearing, reconsider its denial of *Defendant's Appeal to the District Court for Revocation of Order of Detention* and release the defendant with the aforementioned conditions of release. The above conditions would reasonably assure the safety of the alleged victims, witnesses, and the public.

        Respectfully Submitted,
Stavros Papantoniadis,
By counsel,

*/s/ Carmine P. Lepore*
Carmine P. Lepore
Lepore & Hochman, P.A.
One Sprague Street
Revere, MA 02151
(781) 286-8800
BBO# 564603

June 1, 2023

## CERTIFICATE OF SERVICE

I, Carmine P. Lepore, hereby certify that the above document was filed through the Electronic Court Filing system and served on all registered participants.

*/s/ Carmine P. Lepore*

5