UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STAVROS PAPANTONIADIS<br><br>Defendant | CRIMINAL No. 23-10089-FDS |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE TRIAL

The United States of America, by Joshua S. Levy, Acting United States Attorney, and Brian A. Fogerty and Timothy E. Moran, Assistant United States Attorneys for the District of Massachusetts, opposes defendant Stavros Papantoniadis' motion to continue the jury trial that is scheduled to begin on May 20, 2024. The defendant's general assertions about the need for more time to review discovery are insufficient to support a motion to continue a trial that has been scheduled nearly six months. Papantoniadis has remained in custody since his arrest in March 2023. The parties and Court selected a May 2024 trial date in November 2023. *See* ECF No. 67. While the government has produced thousands of pages of discovery materials and made extraordinary efforts to facilitate defense counsel's review of that material, this case is largely one that is based on victim and witness testimony. Nevertheless, the government continues to work with defense counsel to address their new discovery requests and facilitate their review of previously produced discovery. However, the defendant, government, and the victims, pursuant to 18 U.S.C.§ 3771(a)(7), have a strong interest in resolving this case by trial as planned. The Court should exercise its discretion to deny the defendant's motion and proceed to trial as planned on May 20.

**Background**

I.   Procedural background.

On March 16, 2023, Papantoniadis was arrested and charged by criminal complaint with one count of forced labor, in violation of 18 U.S.C. § 1589(a).  ECF No. 9.  On March 29, 2023, a grand jury returned an indictment incorporating the charge in the complaint and adding six additional forced labor and attempted forced labor charges.  ECF No. 17.

II.   The government has timely produced discovery on a rolling basis.

On April 20, 2023, the government made its initial automatic discovery disclosure, and the parties agreed that the government would continue producing discovery material on a rolling basis. That original discovery letter identified the search warrants the government obtained during the investigation, including warrants authorizing the search and seizure of the defendant's cell phone.

III.   The defendant and defense counsel have personally reviewed the phone data.

The government has made extensive efforts to facilitate the counsel and the defendant's personal review of the data from Papantoniadis' cell phone.  The cell phone contains at least one video depicting a child engaged in sexually explicit conduct (i.e., child pornography or child sexual abuse material).  As a result, production of data from that device is governed by the Adam Walsh Act, 18 U.S.C. § 3509(m).  The government has complied with its obligations under § 3509(m) by making the "material reasonably available to the defendant."  *See* 18 U.S.C. § 3509(m)(1) – (2) (stating that property constituting child pornography shall remain in law enforcement custody and "property shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility"). Specifically, the government has the done the following:

- Since as early as May 2023, government and defense counsel have had discussions about the existence of child pornography on the cell phone. And during those discussions, the government invited defense counsel to review the device's contents at HSI-Boston or the U.S. Attorney's Office.
- Since at least July 12, 2023, the parties' filed status reports have indicated that the data on the cell phone is available for inspection by defense counsel. *See, e.g.*, ECF No. 40.
- On January 11, 2024, defense counsel and Papantoniadis visited the U.S. Attorney's Office to review the data extracted from the cell phone. During that visit, defense counsel indicated that the Axiom extraction report was difficult to access.

Due to the difficulty defense counsel experienced with the Axiom extraction report of the defendant's cell phone, the government invited defense counsel and the defendant to visit the U.S. Attorney's Office, where counsel and the defendant could be given the actual cell phone device. Pursuant to an agreement between the parties, defense counsel and the defendant reviewed the original data on the actual device (rather than simply reviewing a copy of the data) for several hours on each of the following dates: April 9, 2024; April 10, 2024; and April 29, 2024. During those three multi-hour sessions in April, defense counsel and the defendant had unrestricted access to the data on the cell phone.

To accommodate the defendant's request to use certain communications from the phone as trial exhibits, the government has agreed to provide the defendant with a searchable version of the text communications the defendant and his counsel have already reviewed several times. The government expects to produce this material today.

IV.     Recent productions have included 21-day discovery and early Jencks material.

In recent weeks, the government has produced additional discovery materials, which have included: grand jury transcripts; additional witness statements from the Department of Labor's prior civil investigation; and immigration records regarding certain victims and witnesses, among other items.[1]  Indeed, the parties agreed to amend the protective order to enable the defendant to personally review early Jencks statements from witnesses while he remains in custody.  ECF No. 72.

**Argument**

I.      Motion to Continue Trial Standard.

"Trial courts are granted broad discretion in scheduling trials and ruling on motions for continuances." *See United States v. Maldonado*, 708 F.3d 38, 42 (1st Cir. 2013).  While the Court's "discretion is limited by a defendant's constitutional rights to testimony by defense witnesses and effective assistance of counsel, 'only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to assistance of counsel.'" *See United States v. Delgado-Marrero*, 744 F.3d 167, 195 (1st Cir. 2014) (quoting *Maldonado*, 708 F.3d at 42).

The First Circuit has identified several factors relevant to the Court's evaluation of a motion to continue trial, "including: the amount of time needed for preparation compared to the actual time available; how diligently the movant used the time available, and whether the movant contributed to his or her perceived predicament; the complexity of the case; other available assistance; the probable utility of a continuance; the extent of any inconvenience to others

---

[1] The defendant was a party to the civil case involving the Department of Labor's Wage & Hour Division.  *See Hulger v. Papantoniadis Pizza, Inc., et al.*, 1:17-cv-10500-ADB (D. Mass.).

(including the court, witnesses, and the opposing party); and the likelihood of injustice or unfair prejudice resulting from the denial of a continuance." *See Delgado-Marrero*, 744 F.3d at 196 (quoting *United States v. Rosario-Otero*, 731 F.3d 14, 18 (1st Cir. 2013)).  Importantly, in terms of the existence of unfair prejudice, the defendant must "identif[y] specific, concrete ways in which the denial [of a motion for a continuance] result[s] in 'substantial prejudice' to his or her defense.'" *Delgado-Marrero*, 744 F.3d at 196 (citing *Untied States v. Pacheco*, 727 F.3d 41, 45 (1st Cir. 2013) (citations omitted)); *see also United States v. Arias*, 848 F.3d 504, 514–15 (1st Cir. 2017) (affirming this Court's denial of a motion to continue trial based, in part, on the defendant's failure to show prejudice).

    II.    <u>The Court should deny the motion to continue trial by four months</u>.

The Court should deny the defendant's request to continue trial by four months because the defendant has had ample time to review and consider the evidence in this case.  Moreover, the government has exceeded its obligation to facilitate the defendant and counsel's review of digital evidence and continues to make every effort to address and accommodate defense counsel recent requests for more information.  At its heart, this is a case about the testimony of victims and witnesses that the defendant knows—because he initially hired them to work at his restaurants.  Counsel and the defendant have had sufficient time to prepare.  Without further "concrete" information about the prejudice the defendant will suffer by proceeding to trial more than a year after his arrest and indictment, the Court should deny the motion.

    III.    <u>The *Rosario-Otero* factors weigh heavily in favor of denying the motion</u>.

        A.  <u>Amount of time needed for preparation compared to the actual time available</u>.

The Court should deny the defendant's motion because he has failed to articulate why a four-month continuance is necessary to his preparation.  ECF No. 95.  In his motion, he cites the

voluminous discovery and recent, additional discovery requests. However, the case was charged more than a year ago. The criminal complaint and indictment provide extensive detail about the nature of the factual allegations. The defendant owned and operated the businesses where the victims and witnesses were employed. The government has timely produced victim and witness statements, facilitated the defendant's personal inspection of the seized digital device, and produced additional material. The motion fails to identify the particular items or categories of evidence that the defendant could not review in the year after his arrest and that will take four more months to evaluate.

      B. <u>Defense counsel appears to have been diligent</u>.

Defense counsel has engaged with the government about discovery issues and participated in the various reviews of the digital evidence. They come to this case with a wealth of criminal trial experience and have participated in the preparation necessary represent their client in this matter. Therefore, the Court should not deny the motion because defense counsel has failed to work diligently; the Court should deny the motion because in light of counsel's experience and diligence, there is an insufficient explanation for why counsel needs four more months to prepare.

      C. <u>Complexity of the case</u>.

This case is not complex. The defendant recruited undocumented people to work at his pizza restaurants. Once employed, he made them work against their will and tried to prevent them from quitting by using threats of deportation and physical violence and using actual violence in several instances. The defendant knows the victims and the witnesses. In many cases, he used the victims for years. Unlike a case involving hours of wiretap evidence, complex financial transactions, or the nuances of health care procedures and billing practices, this case is about the defendant forcing people he knew to do things they did not want to do.

voluminous discovery and recent, additional discovery requests. However, the case was charged more than a year ago. The criminal complaint and indictment provide extensive detail about the nature of the factual allegations. The defendant owned and operated the businesses where the victims and witnesses were employed. The government has timely produced victim and witness statements, facilitated the defendant's personal inspection of the seized digital device, and produced additional material. The motion fails to identify the particular items or categories of evidence that the defendant could not review in the year after his arrest and that will take four more months to evaluate.

    B. <u>Defense counsel appears to have been diligent</u>.

Defense counsel has engaged with the government about discovery issues and participated in the various reviews of the digital evidence. They come to this case with a wealth of criminal trial experience and have participated in the preparation necessary represent their client in this matter. Therefore, the Court should not deny the motion because defense counsel has failed to work diligently; the Court should deny the motion because in light of counsel's experience and diligence, there is an insufficient explanation for why counsel needs four more months to prepare.

    C. <u>Complexity of the case</u>.

This case is not complex. The defendant recruited undocumented people to work at his pizza restaurants. Once employed, he made them work against their will and tried to prevent them from quitting by using threats of deportation and physical violence and using actual violence in several instances. The defendant knows the victims and the witnesses. In many cases, he used the victims for years. Unlike a case involving hours of wiretap evidence, complex financial transactions, or the nuances of health care procedures and billing practices, this case is about the defendant forcing people he knew to do things they did not want to do.

D.  <u>Probable utility of a continuance</u>.

The defendant has failed to articulate the specific utility of a four-month continuance. Of course, more time to prepare could always be useful. However, that is an unworkable standard by which to schedule criminal jury trials. Here, the defendant has failed to articulate what can only be accomplished in the four-month period he requests.

E.  <u>Extent of inconvenience</u>.

The requested continuance, less than two weeks before trial is scheduled to begin, imposes a significant hardship on the government and the victims. In the months leading up to trial, the government has begun to prepare to try this case. Importantly, that preparation has included meeting with and preparing victims of the defendant's crimes, subjecting those persons to the additional hardship of reliving their experience at the defendant's operation. Based on the victims' right to "proceedings free from unreasonable delay," they and the government have a strong interest in trying this case as soon as possible. *See* 18 U.S.C. § 3771(a)(7).

F.  <u>Unfair prejudice</u>.

The defendant has failed to identify the unfair prejudice he will suffer if the Court denies his motion for a four-month delay. He makes conclusory assertions about requiring "additional time to adequately and effectively present a defense." ECF No. 95 at 2. However, more specificity is required. *See, e.g., Delgado-Marrero*, 744 F.3d at 196 (We consider this final factor to be essential, overturning the denial of a continuance only when the movant identifies specific, concrete ways in which the denial resulted in 'substantial prejudice' to his or her defense.").

## **Conclusion**

      For the foregoing reasons, the Court should deny the defendant's motion to continue trial for four months.

                                    Respectfully submitted,

                                    JOSHUA S. LEVY
                                  Acting United States Attorney

      By:    <u>/s/ Brian A. Fogerty</u>
                 BRIAN A. FOGERTY
                 Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

/s/ Brian A. Fogerty
Brian A. Fogerty
Assistant United States Attorney


Date: May 8, 2024