UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STAVROS PAPANTONIADIS<br><br>Defendant | CRIMINAL No. 23-10089-FDS |

# GOVERNMENT'S MEMORANDUM REGARDING EVIDENCE OFFERED PURUSANT TO FED. R. EVID. 902(11) AND 803(6)

The United States of America, by Joshua S. Levy, Acting United States Attorney, Brian A. Fogerty and Timothy E. Moran, Assistant United States Attorneys, submits this memorandum of law regarding certain business record evidence the government intends to introduce regarding defendant Stavros Papantoniadis. Specifically, the government intends to introduce records from Mohegan Sun Casino (Trial Exhibit 90) and Encore Boston Harbor (Trial Exhibit 91), pursuant to record custodian certificates that comply with the requirements of Federal Rules of Evidence 902(11) and 803(6). The business records are evidence of the defendant's extensive gambling losses during the relevant time period.

## Argument

I. The record custodian certifications authenticate and establish the hearsay exception for admission of the Mohegan Sun Casino and Encore Boston Harbor records.

The certifications provided by the respective custodians for Mohegan Sun Casino and Encore Boston Harbor establish that the corresponding records are admissible as records of a regularly conducted activity, pursuant to Federal Rule of Evidence 803(6). *See* Ex. D–F. Rule 902(11) states that evidence is self-authenticating and "require[s] no extrinsic evidence of authenticity in order to be admitted" when it is:

> [t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court.

Fed. R. Evid. 902(11).

Rule 803(6) provides an exception to the rule against hearsay for records of a regularly conducted activity. Fed. R. Evid. 803(6). Rule 803(6)(A)–(C) identifies the substantive elements of this hearsay exception:

> (A) the record was made at or near the time by—or from information transmitted by—something with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity.

Here, the Mohegan Sun Casino and Encore Boston Harbor certifications satisfy each of the foregoing elements. *See* Ex. A–B. Accordingly, when offered at trial, the government respectfully requests that the Court rule that the corresponding trial exhibits may be admitted pursuant to Rule 803(6).

II.     The Confrontation Clause does not require live testimony from custodians of records.

The Sixth Amendment's Confrontation Clause does not require the Mohegan Sun Casino or Encore Boston Harbor custodians to appear at trial and submit to cross-examination because the records are not testimonial within the meaning of the Sixth Amendment. Quoting *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 321 (2009), the First Circuit has held that "[b]usiness and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because – having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial – they are not testimonial." *See United States v. Cameron*, 699 F.3d 621, 640 (1st Cir. 2012) (emphasis omitted). "To rank as

'testimonial,' a statement must have a 'primary purpose' of 'establishing or proving past events potentially relevant to later criminal prosecution.'" *Cameron*, 699 F.3d at 640 (quoting *Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2714 n.6 (2011)); *see also Tran v. Roden*, 847 F.3d 44, 51 (1st Cir. 2017) ("Generally, courts do not label business records as testimonial as long as they were not created for the purpose of prosecution."). "In identifying the primary purpose of an out-of-court statement, [the First Circuit applies] an objective test." *Cameron*, 699 F.3d at 640 (quoting *Williams v. Illinois*, 132 S.Ct. 2221 (2012)).

Here, applying that objective test, the Court should conclude that the records at issue were not created for the purposes of this prosecution. The Mohegan Sun Casino exhibit (Ex. 90) is a table listing the defendant's gambling losses between 2010 and 2022. Similarly, the Encore Boston Harbor records are the casino's letters to the defendant identifying his annual gambling losses. As reflected in the corresponding certificates, all of this data was created and maintained in the regular course of operating those casinos. *See Cameron*, 699 F.3d at 641, 644 (holding that Yahoo! account management data was non-testimonial, while a report created to document suspected child pornography was testimonial). None of the data referenced herein was created for the purposes of a criminal investigation. In that sense, the records are different than the laboratory report in *Melendez-Diaz* or the child pornography report in *Cameron*. *See Cameron, 699 F.3d at 641; see also Melendez-Diaz*, 557 U.S. at 321.[1] Accordingly, the documents are non-testimonial and admitting the gambling records will not implicate Papantoniadis' Confrontation Clause rights.

---

[1] *See, e.g., United States v. Yeley-Davis*, 632 F.3d 673, 680–81 (10th Cir. 2011) (holding that a Rule 902(11) certificate authenticated and laid the foundation for admission under Rule 803(6) for cellular phone records, and further holding that the custodian's certification was not testimonial); *see also United States v. Denton*, 944 F.3d 170, 184 (4th Cir. 2019) ("*Melendez-Diaz* thus 'makes clear that the Sixth Amendment right to confront witnesses does not include the right to confront a records custodian who submits a Rule 902(11) certification of a record that was created in the course of a regularly conducted business activity.'")

**Conclusion**

The government respectfully requests that the Court rule that trial exhibits 90 and 91, which correspond with the attached Exhibits A and B, are admissible pursuant to Federal Rule of Evidence 803(6), as established by the certifications that comply with Federal Rules of Evidence 902(11).

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: /s/ Brian A. Fogerty
BRIAN A. FOGERTY
TIMOTHY E. MORAN
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

           /s/ Brian A. Fogerty
           Brian A. Fogerty
           Assistant United States Attorney

Date: May 26, 2024