**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL No. 1:23-cr-10089** |
| | ) | |
| **STAVROS PAPANTONIADIS** | ) | |
| Defendant | ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO**
**PRECLUDE IMPEACHMENT REGARDING IMMIGRATION STATUS**
**(DOC. 93)**

NOW COMES the defendant, Stavros Papantoniadis, and respectfully submits the within opposition to the Government's Motion *in Limine* to Preclude Impeachment Regarding Immigration Status (Doc. 93). In support thereof, the defendant states the following:

The Government seeks to preclude the defendant from impeaching the seven (7) alleged victims and three (3) of their witnesses with evidence that they received immigration benefits as a result of their allegations and cooperation. The government argues that they anticipate the defendant will inquire about said benefits as an incentive for the witness's favorable testimony for the government. The defendant intends to question the alleged victims and witnesses regarding the immigration benefits they already received and expect to receive as a result of their allegations and cooperation, not favorable trial testimony.

Said line of questioning is relevant and admissible and goes directly to their motive to fabricate the allegations. See *United States v. Blanco*, 392 F.3d 382, 392 (9th Cir. 2004) ("Any competent lawyer would...know[ ]that...special immigration treatment by [law enforcement agencies] [is] highly relevant impeachment material."). Precluding the defendant from cross-examining the alleged victims and witnesses about their immigration status and benefits conferred

1

to them in exchange for their cooperation in this case would violate the Confrontation Clause and his ability to present a defense. See *Davis v. Alaska*, 415 U.S. 308, 316 (1974) (The Confrontation Clause protects a defendant's right to impeach a witness against him by "cross-examination directed toward revealing possible biases, prejudices, or ulterior motives.").

It is uncontested that during this investigation, the Department of Homeland Security ("HSI"), not the Department of Labor ("DOL"), assisted each of the alleged victims in obtaining immigration benefits. Specifically, HSI agents helped the seven (7) alleged victims and three (3) witnesses receive "Continued Presence" status and helped six (6) of the alleged victims and one (1) of the witnesses obtain T Visas. (see Affidavit of S.A. Stacy Fleischmann, HSI in support of criminal complaint, Doc. 4-1). As a prerequisite to obtaining immigration benefits for themselves and in some cases their family members, they must (1) be a survivor of a severe form of trafficking in persons; and (2) comply with all reasonable requests for assistance in the investigation and prosecution of the crime of trafficking. See 8 CRF §241.11(b)(1) and (3).

The government argues that "with the exception of Victim 6, the victims have already received permanent immigration benefits." Doc. 93 at 4. The government is mistaken. Continued Presence status is a two-year authorization renewable until the case is resolved. A T Visa is also temporary, and their <u>continued</u> cooperation in this case is necessary to apply for and obtain permanent resident status:

> The T Visa allows eligible victims to **temporarily** remain and work in the U.S., **generally for four years**. While in T nonimmigrant status, the victim has an **ongoing duty to cooperate** with law enforcement's reasonable requests for assistance in the investigation or prosecution of human trafficking. If certain conditions are met, an individual with T nonimmigrant status may apply for adjustment to lawful permanent resident status (i.e., apply for a green card in the United States) after three years in the United States or upon completion of the investigation or prosecution, whichever occurs earlier.

See *U and T Visa Law Enforcement Resource Guide* at 9-10 (available at

https://www.dhs.gov/sites/default/files/publications/U-and-T-Visa-Law-Enforcement-Resource%20Guide_1.4.16.pdf) (last accessed May 24, 2024) (emphasis added). See also 8 CRF §241.11(c). If they refuse to cooperate, law enforcement may withdraw or disavow their certification of cooperation at any time. *Id.* at 13, 19, 21; 8 CRF §241.11(d)(3)(ii). Put another way, a T visa recipient must cooperate with law enforcement and cannot obtain a green card <u>unless</u> he or she continues to comply with law enforcement's reasonable requests for assistance. *Id.* at 26. Thus, while the investigation may have started with the DOL, their immigration benefits and any future benefit depend on their cooperation with HSI's investigation and the USAO's prosecution.

For all the foregoing reasons the defendant should not be precluded from impeaching the alleged victims and witnesses with the immigration benefits they have received or expect to receive from their allegations and cooperation in this case.

Respectfully Submitted
Stavros Papantoniadis,
By his attorney,

/s/ Ashley P. Allen
Ashley P. Allen
7 Elm Steet, Suite 348
Boxford, MA 01921
(617) 925-7888
BBO # 697825

May 27, 2024

## CERTIFICATE OF SERVICE

I, Ashley Allen, attorney for the defendant, certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Ashley P. Allen
Ashley P. Allen