UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                            |     |                              |
|----------------------------|-----|------------------------------|
| UNITED STATES OF AMERICA   | )   |                              |
|                            | )   |                              |
| v.                         | )   | CRIMINAL No. 1:23-cr-10089   |
|                            | )   |                              |
| STAVROS PAPANTONIADIS      | )   |                              |
|                            | )   |                              |

**DEFENDANT'S MOTION TO EXCLUDE UNDISCLOSED FORMER EMPLOYEES
FROM ADDRESSING THE COURT AND REDACTED FORMER EMPLOYEE
IMPACT STATEMENTS AT THE SENTENCING HEARING**

Defendant Stavros Papantoniadis, by and through undersigned counsel, respectfully requests that this Court exclude any statements from undisclosed former employees at the sentencing hearing scheduled for October 25, 2024.

The government filed their sentencing memorandum on October 21, 2024. Doc. 171. In their memorandum, the government provided "notice that two other former employees of the defendant have requested an opportunity to address the Court regarding the impact of the defendant's conduct." Doc. 171 at 10. The government did not provide any further detail and has not disclosed the names of the two former employees to the defense.

Thereafter, on October 23, 2024, the government disclosed eight (8) "victim impact statements." Four (4) of the statements are from the victims charged in the indictment and who testified at trial. The defendant does not seek to exclude the victim impact statements of these victims who testified at trial.

The other impact statements are from four (4) former employees. The statements are labeled "Worker 1 VIS 10-21-24_Redacted"; "Worker 3 Victim Impact Statement_Redacted"; "Worker 4 Victim Impact Statement_Redacted"; and "Wo[r]ker 5 VIS 10-17-24_Redacted."

1

These former employees did not testify at trial, their names have not been disclosed to the defense, and the statements were provided just two (2) days before sentencing.

**ARGUMENT**

The defendant acknowledges that neither the Federal Rules of Evidence nor the Sixth Amendment right to cross-examination apply at sentencing, and sentencing judges may consider any evidence with "sufficient indicia of reliability to support its probable accuracy." *United States v. Berrios-Miranda*, 919 F.3d 76, 80 (1st Cir. 2019) (citing cases).

The Court's discretion, however, is not limitless and must comport with due process and Fed. R. Crim. P. 32. *Id.*  Accordingly, it is well settled that the "defendant has a due process right to be sentenced upon information which is not false or materially incorrect," *id.;* quoting *United States v. Curran*, 926 F.2d 59, 61 (1st Cir. 1991), and the defendant must be given "a meaningful opportunity to comment on the factual information on which his sentence is based." *Id.*; citing *United States v. Berzon*, 941 F.2d 8, 10 (1st Cir. 1991). See also *United States v. Millan-Isaac*, 749 F.3d 57, 70 (1st Cir. 2014) ("district court must afford the defendant an opportunity to respond to the factual information offered against him at sentencing"). "Prior notice is one of the most zealously guarded rights of criminal defendants…[such] that disregard for it cannot help but have a denigrating effect on fairness, integrity, and public reputation of judicial proceedings." *Id.* at 73, quoting *United States v. Mangone*, 105 F.3d 29, 36 (1st Cit. 1997).

The government's request to have two (2) undisclosed former employees be heard at sentencing and the government's intention on submitting four (4) redacted witness impact statements for consideration by this Court is a violation of the defendant's right to due process at sentencing. To be clear, the information the government requests that this Court consider in sentencing the defendant is not in the indictment, was not introduced at trial, is not disclosed in

the PSR, and is not otherwise contained in the record in this case. Compare *Millan-Isaac*, 749 F.3d at 71 (reversing for resentencing where sentencing judge considered information in victim impact statement that was not disclosed in indictment, plea agreement, or PSR) and *Curran,* 926 F.2d at 60–64 (reversing for resentencing where the sentencing judge referenced victim impact letters not mentioned in the PSR or disclosed to defendant prior to sentencing); with *United States v. Flete-Garcia,* 925 F.3d 17, 36 (1st Cir. 2019) (no due process violation where defendant provided fair notice of all of the facts the government presented at sentencing as they were explored during trial and/or included in the PSR report). As such, the information is considered outside the record and the defendant was entitled to sufficient, timely notice to afford him a fair opportunity to examine and challenge it.

"Of course, a defendant's right to respond to information offered against him at sentencing means very little without a right to notice of that information." *Millan-Isaac*, 749 F.3d at 70, citing *Berzon*, 941 F.2d at 18. Here, the government has withheld the statements and identities of the two (2) former employees who wish to be heard at sentencing and the identities of the four (4) former employee who submitted impact statements. This is not even a question about whether the defendant has been provided a *meaningful* opportunity to respond or rebut such information which may influence this Court's sentencing decision – he has been provided no opportunity at all. Without any identifying information, the defendant is unable to determine who these former employees are, if they have made previous statements, if they are making the statements as a

condition of their cooperation with the government in exchange for legal status[1], or if the government has abided by their disclosure obligations[2].

There is also no justification for the late and limited disclosure. At least two of the redacted former employee statements were made on July 30, 2024 yet they were not disclosed to the Probation Office and were only recently disclosed to the defendant on October 23, 2024. The detailed statements are filled with accusations, sentencing recommendations, and prejudicial information that would cause substantial prejudice to the defendant if considered without any opportunity to rebut them.

The defendant respectfully requests that this Court deny the government's request to have two (2) undisclosed former employees be heard at sentencing, and to exclude the four (4) redacted impact statements of former employees at sentencing.

---

[1] All eight (8) victim and witness statements appear to be produced by the same attorney or agency. The header and formatting of each statement is identical. While the defendant is not able to discern the identity of the redacted former employee impact statements, it appears that at least three (3) of the four (4) former employees are represented by the same attorney and/or organization – Greater Boston Legal Services – as victims 2, 3, 6, and 7.

[2] The Jencks Act extends to sentencing hearings. *United States v. Dupont*, 15 F.3d 5, 6 n.2 (1st Cir. 1994).

Respectfully Submitted
Stavros Papantoniadis,
By his attorneys,

*/s/ Carmine P. Lepore*
Carmine P. Lepore
Lepore & Hochman, P.A.
One Sprague Street
Revere, MA 02151
(781) 286-8800
BBO# 564603

*/s/ Steven Boozang*
Steven C. Boozang
439 Washington Street
Dedham, MA 02026
(781) 251-9991
BBO# 659216

*/s/ Robert L. Sheketoff*
Robert L. Sheketoff
Sheketoff & O'Brien
One McKinley Square
Boston, MA 02119
(617) 367-3449
BBO# 457340

*/s/ Ashley P. Allen*
Ashley P. Allen
Law Office of A.P. Allen
7 Elm Steet, Suite 348
Boxford, MA 01921
(617) 925-7888
BBO# 697825

October 24, 2024

## CERTIFICATE OF SERVICE

I, Ashley Allen, attorney for the Defendant, certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Ashley P. Allen
Ashley P. Allen