UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>STAVROS PAPANTONIADIS, )<br>)<br>Defendant ) | Criminal No.: 23-10089-FDS-JGD |

## SECOND AMENDED PROTECTIVE ORDER

Upon motion by the government, on July 13, 2023, this Court entered a Protective Order pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Local Rule 116, prohibiting the disclosure of certain documents, and information contained therein, except for the purpose of the legal defense of the case captioned above, and also restricting the disclosure of documents to certain individuals engaged in the defense of this case, as set forth therein [Docket No. 42], and further amended the Order on January 8, 2024 [Docket No. 72].   Upon further assented-to motion of the defendant, that Amended Protective Order is hereby further AMENDED as follows:

1. With respect to all documents and information disclosed by the government to defense counsel of record under this Order, defense counsel of record may further disclose such documents and information only for the purpose of the legal defense of the case captioned above. Defense counsel of record may disclose such documents and information to the following individuals:

   a. the defendant;

   b. members of defense counsel's offices who are directly engaged in assisting the legal defense of this case (defined to include partners, associates, and employees of defense counsel's law firms, including secretaries and paralegals);

      c.      other persons retained by defense counsel of record for the purpose of assisting in the legal defense of this case, such as private investigators and experts; and

      d.      potential witnesses for the legal defense of this matter, provided that defense counsel of record have made a good-faith determination that such disclosure is necessary to the proper preparation of the legal defense of this case.

However, except for those persons named in subparagraph b., copies of such documents shall only be shown, and shall not be given, to any such individuals.

2.      Prior to disclosing any documents or information produced by the government under this Order to any person, defense counsel of record shall fully explain the terms of this Order and obtain from each person to whom such disclosure is made an acknowledgment of the terms of this Order and their agreement to comply with its terms. Each person to whom disclosure is made shall endorse a copy of this Order, which defense counsel shall preserve.

3.      Only defense counsel of record and their agents (as defined in Paragraph 1.b.) may disseminate documents and information which have been disclosed by the government under this Order. Neither the defendant, nor any other person receiving such documents and information, is permitted to disseminate or disclose such documents or information for any purpose at any time.

4.      The government shall identify the documents and information subject to this Order at the time the documents are produced to defense counsel of record and, where practical, include the header "PROT" in the Bates stamp.

5.      In the event defense counsel of record contend that any document or information produced pursuant to this Order should not be covered thereunder, defense counsel of record shall notify the government in writing of the document or information and stated reasons why the document or information should not be covered by the Order. If the parties are unable to reach

agreement, defense counsel of record reserves the right to file a motion for relief from this Order with the Court as to the document or information at issue.

6.	With respect to certain documents already or prospectively designated as subject to this Protective Order, including reports of witness and victim statements, the government may provide electronic copies to the jail for review by the defendant only in custody. The defendant, through counsel, otherwise agrees to follow the other terms of this Protective Order, including with respect to non-dissemination of the material. The government shall identify this sub-set of documents and information by the header "AMENDED PROTECTIVE ORDER" in the Bates stamp.

7.	With respect to certain documents already designated as subject to the Protective Order or Amended Protective Order, including reports of witnesses and victim statements, defense counsel may provide electronic copies to the defendant, in the custody of the Bureau of Prisons ("BOP"), pursuant to the FCI Danbury E-Discovery Material Authorization Form, wherein such discovery material will be classified by counsel as Sensitive Access E-Discovery. Sensitive Access E-Discovery can be viewed by the defendant in a secure area but is otherwise maintained by the BOP in a secure location, where it is unavailable to others.

2-25-2026
DATE

_____
JUDITH G. DEIN
United States Magistrate Judge
F. DENNIS SAYLOR, IV
United States District Judge